IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FRED B. FOSTER                                             PLAINTIFF

        v.              Civil No. 08-5093

BOCH INDUSTRIES, INC., d/b/a
KLEENTOUCH; CHRISTOPHER M.
FOSTER, INDIVIDUALLY AND d/b/a
BOCH INDUSTRIES, INC.; ROBERT
D. FOSTER, INDIVIDUALLY;
CHRISTY M. FOSTER, INDIVIDUALLY;
and ANGELA K. GUILL, INDIVIDUALLY              DEFENDANTS

                    O R D E R

     Now on this 26th day of February, 2009, comes on for
consideration **Plaintiff's Motion For Summary Judgment** (document
#13), to which no defendant has responded, and from said motion,
and the supporting documentation, the Court finds and orders as
follows:

     1.   Plaintiff's Complaint seeks a declaratory judgment that
plaintiff is either the sole owner and inventor, or a co-owner and
co-inventor, of certain technology (the "Technology") which is the
subject of a patent application (the "Patent Application"), and
that he is the equitable owner or co-owner of a patent application
(the "Patent Application") related to the Technology, and any
transfer of rights to either the Technology or the Patent
Application by the defendants is unauthorized and in derogation of
plaintiff's rights.

     Plaintiff seeks to enjoin the Director of the United States
Patent and Trademark Office (the "Director") to "correct

inventorship" on the Patent Application and any patent that may issue pursuant thereto; to enjoin defendants from representing that the Technology was conceived by anyone other than plaintiff; to enjoin defendants to "recognize Plaintiff's 50% ownership interest" in Boch Industries, Inc., and "any business commercializing or attempting to commercialize" the Technology, and to "allow Plaintiff to participate in the same commensurate with said ownership interest"; and to enjoin defendants from "soliciting and/or contracting with potential assignees, licensees, buyers and/or other transferees of any right" in the Technology.

Plaintiff also seeks an accounting of the profits of Boch Industries, Inc.; the imposition of an implied trust on "at least 50% ownership interest" in Boch Industries, Inc., and on "any business in which any Defendant owns or controls a beneficial interest, that is commercializing" the Technology; money damages for unfair competition, misrepresentation, deceptive trade practices, conversion, breach of contract, and civil conspiracy; and his costs and attorney's fees.

2. On November 30, 2008, separate defendants Christopher M. Foster and Christy M. Foster gave notice of filing for protection under Chapter 11 of the United States Bankruptcy Code, and plaintiff's claims as to those defendants were administratively terminated. The provisions of this Order do not, therefore,

-2-

affect the rights of Christopher M. Foster or Christy M. Foster.

3.   Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  **Walsh v. United States, 31 F.3d 696 (8th Cir. 1994).**  Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party.  **Hardin v. Hussmann Corp., 45 F.3d 262 (8th Cir. 1995).**  The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute;  however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute.  **City of Mt. Pleasant, Iowa v. Associated Electric Co-op, 838 F.2d 268 (8th Cir. 1988).**

4.   Pursuant to **Local Rule 56.1**, plaintiff filed a Statement Of Material Facts Not In Issue.  No party has objected to the facts stated therein.  The Court has reviewed this Statement, and finds certain facts to be without dispute.  It has not, however, adopted every statement made by plaintiff as undisputed fact. Many of these statements are couched in terms of alternatives (i.e., that plaintiff is either the owner or the co-owner of the Technology).  Full ownership and co-ownership are mutually

-3-

exclusive, and the Court has accepted as undisputed only the alternative of co-ownership.

Other statements set forth conclusions of law rather than facts, and are treated as such, rather than being adopted as undisputed facts.  With these reservations, the Court finds the following significant facts to be undisputed:

*    At some time before the events in suit began, plaintiff Fred B. Foster ("Fred") had been involved in the development of technology for sanitizing holding and carrying devices used in the poultry processing industry.

*    Fred disclosed a version of this Technology -- applicable to sanitizing shopping carts -- to separate defendant Robert D. Foster ("Bob").  This disclosure was made on the understanding that Fred and Bob would work together to fine-tune the Technology, and that each would maintain half ownership of the resulting Technology until a mutually satisfactory business was formed to capitalize on the Technology.

*    During the fine-tuning of the Technology, Fred determined that certain materials and chemicals were needed for use with the Technology.  Fred worked with chemical companies to formulate and test the chemicals, and with a grocery store chain to field test the prototype of the Technology.

*    These materials and chemicals were disclosed and claimed in Utility Patent Application No. 11/440,545 filed with the United

-4-

States Patent & Trademark Office on May 5, 2006 (the "Patent Application") by Bob, showing himself as the sole inventor.

* Separate defendant Christopher M. Foster ("Chris") incorporated Boch Industries, Inc. ("Boch"). Boch shareholders include Bob and separate defendant Angela K. Guill ("Angela"). One purpose for the incorporation of Boch was to profit from the Technology, and Boch has attempted to so profit.

* Bob has transferred or licensed the Technology to separate defendant Christy M. Foster ("Christy") and to Boch.

* Various defendants have represented that the Technology was invented or owned by, or licensed to, Boch, Angela, or Christy.

* Fred did not authorize the incorporation of Boch, nor did he authorize any license or transfer of rights in the Technology to anyone, nor did he authorize any profit-making activities using the Technology.

* Bob and Boch represented to Fred that Fred would have an ownership interest in the Technology, and intended Fred to rely upon that representation.

* Bob and Boch represented to Fred that Fred would have an ownership interest in the Patent Application, and intended Fred to rely upon that representation.

* Bob and Boch represented to Fred that Fred would have an ownership interest in any company having the purpose of attempting

-5-

to profit from the Technology, and intended Fred to rely upon that representation.

*    Bob and Boch made representations to the public as to the source or ownership of the Technology that did not include any reference to Fred.

5.    The Court turns first to Fred's prayer for a declaratory judgment that he is a co-inventor of the Technology and for an injunction requiring the Director to correct inventorship on the Patent Application and any patent that may issue pursuant thereto.

Federal patent law provides that "[w]hen an invention is made by two or more persons jointly, they shall apply for patent jointly and each make the required oath, except as otherwise provided in this title." Furthermore, "[w]henever . . . through error an inventor is not named in an application, and such error arose without any deceptive intention on his part, the Director may permit the application to be amended accordingly, under such terms as he prescribes." **15 U.S.C. §116.**

Courts that have construed this provision have held that it does not create a cause of action in the district courts to modify inventorship on pending patent applications.  See **E.I. Du Pont de Nemours & Co. v. Okuley**, **344 F.3d 578 (6th Cir. 2003)**, ***cert denied***, **541 U.S. 1027 (2004)**.  This is so even where the district court claim is couched as a declaratory judgment action rather than an inventorship correction claim.  See the thorough analysis

-6-

and explanation of District Judge Gary A. Fenner in the unreported decision of **Stevens v. Broad Reach Companies, LLC**, **2006 WL 1556313 (W.D.Mo. 2006)**.

Judge Fenner's analysis is persuasive, and the Court adopts it, finding that it has no jurisdiction to declare Fred to be a co-inventor of the Technology, and no jurisdiction to enjoin the Director with regard to any action the Patent and Trademark Office might take with regard to the Patent Application. Summary judgment as to those forms of declaratory and injunctive relief will, therefore, be denied.

6. Fred also seeks a declaration that he is the co-owner of the Technology and the equitable co-owner of the Patent Application. It is undisputed that Fred disclosed an early version of the Technology to Bob on the understanding that they would work together to fine-tune the Technology, and that each would maintain half ownership of the resulting Technology until a mutually satisfactory business was formed to capitalize on the Technology. Based on this, the Court finds that Fred is entitled to a declaration that he is a co-owner of the Technology.

As explained in **In re Access Cardiosystems, Inc.**, **340 B.R. 127 (Bkrtcy.D.Mass. 2006)**, "the named inventor on a patent application is presumed to be the legal owner of the property rights embodied in the patent application and any ensuing patents," but patent rights are freely assignable pursuant to **35**

-7-

U.S.C. **§261,** and "[i]n the absence of an executed assignment, equitable principles may oblige a named inventor to transfer ownership of his or her rights in a patent or patent application to another entity." ***Id.* at 146.**

One such equitable principle is that equity regards as done that which ought to be done. **Robinson v. Robinson, 121 Ark. 276, 181 S.W. 300, 301 (Ark. 1915).** It is an undisputed fact that Bob represented to Fred that Fred would have an ownership interest in the Patent Application, and the Court finds that Fred is entitled to a declaration that he is an equitable co-owner of the Patent Application.

In addition, it follows from the foregoing that Fred is entitled to a declaration that any license or other transfer of rights in the Technology or the Patent Application made without his consent is unauthorized and in derogation of his rights.

7.   In addition to declaratory and injunctive relief, Fred seeks to recover compensatory damages on a number of state law claims.

(a)   <u>Breach of contract</u>:

In order to establish his claim for breach of contract, Fred must prove that he and Bob entered into a contract; that the contract required certain performance of each of them; that Fred did what the contract required of him; and that Bob did not do what the contract required of him. **AMI 2401.**

-8-

A contract was formed if Fred made an offer to enter into a contract; Bob accepted that offer; there was an exchange of consideration; and the essential terms of the contract were reasonably certain and agreed to by both men. **AMI 2402.** These elements are supplied by Fred's undisputed statement that he disclosed an early version of the Technology to Bob on the understanding that they would work together to fine-tune the Technology, and that each would maintain half ownership of the resulting Technology until a mutually satisfactory business was formed to capitalize on the Technology.

It is undisputed that Fred determined that certain materials and chemicals were needed for use with the Technology, and that he worked with chemical companies to formulate and test the chemicals, and with a grocery store chain to field test the prototype of the Technology. The Court finds this sufficient evidence that Fred did what was required of him under the Contract.

It is further undisputed that Bob filed the Patent Application as the sole inventor, and participated in the formation of Boch, a company intended to capitalize on the Technology which did not have Fred's approval or even his participation. The Court finds this sufficient evidence that Bob did not do what the contract required of him. Bob is, therefore, in breach of the contract, for which Fred is entitled to such

damages as he shall prove.

    (b)  <u>Unfair competition</u>:

In order to establish a claim of unfair competition in violation of **15 U.S.C. §1125(a)** under the facts of this case, Fred must prove that a defendant used -- in commerce -- a false or misleading representation of fact which was likely to cause confusion or mistake as to his, her, or its association with Fred, or as to the origin of the Technology.  Fred appears to contend that representations made by Bob and Boch as to the source or ownership of the Technology which did not include any reference to him satisfy this standard. He also appears to contend that representations that the Technology was invented or owned by, or licensed to, Boch, to Christy M. Foster ("Christy"), or Angela satisfy this standard. The Court is not persuaded that such generalized assertions will suffice, and declines to enter summary judgment on this claim.

    (c)  <u>Misrepresentation</u>:

In order to establish a claim of misrepresentation, Fred must show that a defendant knowingly made a false representation of material fact with the intent that Fred rely upon it, and that Fred did so rely, justifiably and to his detriment, with resulting damages. **<u>O'Mara v. Dykema</u>, 328 Ark. 310, 316, 942 S.W.2d 854, 857 (Ark. 1997).**

It is undisputed that Bob and Boch represented to Fred that

-10-

Fred would have an ownership interest in the Technology and an ownership interest in the Patent Application; that they intended Fred to rely upon that representation; and that Fred did so rely. There is no evidence, however, of what -- if any -- damages Fred sustained by such reliance, precluding summary judgment on this issue.

      (d)  <u>Deceptive trade practices</u>:

In order to establish a claim of deceptive trade practices in violation of **A.C.A. §4-88-107(a)(1), (a)(10)** and **§4-88-108**, Fred must prove that a defendant engaged in a deceptive or unconscionable trade practice of the type listed in the cited statutes. The Court does not reach the issue of whether the undisputed facts would merit a finding that such has occurred, because private rights of action under the Arkansas Deceptive Trade Practices Act depend upon a showing of actual damages. **<u>Wallis v. Ford Motor Co.</u>, 362 Ark. 317, 327, 208 S.W.3d 153, 161 (Ark. 2005)**. Because Fred has made no showing of actual damages, summary judgment on this claim is not appropriate.

      (e)  <u>Conversion</u>:

In order to establish a claim of conversion, Fred must prove that a defendant intentionally exercised dominion or control over the Technology which was inconsistent with his own rights. **<u>BBAS, Inc. v. Marlin Leasing Corp.</u>, 104 Ark. App. 63, --- S.W.3d ---, 2008 WL 4874441 (Ark. 2008); AMI 425.** The evidence that Bob filed

-11-

the Patent Application in his sole name, without including his co-inventor, will support a finding of conversion on his part, and summary judgment on the issue of Bob's liability for this claim will be granted to Fred.  No other defendant is so implicated, and summary judgment as to the other defendants will be denied.

   (f)  Civil conspiracy:

   A civil conspiracy is "an agreement to accomplish a purpose that is unlawful or oppressive or to accomplish, by unlawful or oppressive means, a purpose that is not in itself unlawful or oppressive."  **AMI 714.**  In order to establish a claim of civil conspiracy, Fred must prove -- as to any given defendant -- that he, she, or it knowingly entered into a conspiracy with the intent to harm him; that an intentional tort can be proven on the part of one conspirator; that the alleged co-conspirator committed one or more overt acts in furtherance of the intentional tort; and that Fred suffered damages thereby.  **AMI 714; A.C.A. §16-55-205.**

   The generalized nature of the undisputed facts that would go to support this cause of action is, in the Court's opinion, such that summary judgment is not appropriate, and it will be denied.

   **IT IS THEREFORE ORDERED** that **Plaintiff's Motion For Summary Judgment** (document #13) is **granted in part and denied in part.**

   The motion is **granted** insofar as it seeks a declaration that plaintiff Fred B. Foster is co-owner of certain Technology which is the subject of Patent Application No. 11/440,545 filed with the

United States Patent & Trademark Office on May 5, 2006, and the Court so declares.

The motion is further **granted** insofar as it seeks a declaration that plaintiff Fred B. Foster is equitable co-owner, with Robert D. Foster, of Patent Application No. 11/440,545 filed with the United States Patent & Trademark Office on May 5, 2006, and the Court so declares.

The motion is further **granted** insofar as it seeks a declaration that any license or other transfer of rights in the Technology or the Patent Application made without the consent of plaintiff Fred B. Foster is unauthorized and in derogation of the rights of Fred B. Foster, and the Court so declares.

The motion is further **granted** insofar as it seeks an adjudication of liability on the part of Robert D. Foster to Fred B. Foster for breach of contract and conversion, for such damages as Fred B. Foster shall prove at trial.

In all other respects, the motion is **denied**.

**IT IS SO ORDERED.**

 /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT COURT**
